Bissell, P. J.,
delivered the opinion of the court.
This was a proceeding by way of mandamus brought by Irwin, the appellee, against the treasurer of Washington county, to compel him to pay two county orders, which were set out in his petition. It may be suggested that what are gathered from the petition and answer and stated as facts are expressly made such by stipulation of parties. Both have agreed that whatever is contained in either may be taken as true. Each has stated in his pleading whatever he believed necessary for the maintenance or defense of the proceeding.
Continuing with the statement, it appears that in July, 1892, the chairman of the committee on printing of the board *67 of county commissioners of the county entered into a con-1 tract with Irwin, which substantially provided that for the ensuing year Irwin should do the county.printing, and for it ■receive as a compensation the unexpended balance of the printing fund then remaining in the hands of the county -treasurer. This fund appears to have been a sum set apart .by the board out of the general funds of the county, to be applied to this specific object. According to the contract, Irwin was to furnish stationery, and print letter heads, envelopes, and various memoranda essential to the use of the county, and the tax list for the year 1892. This last item ig specified because in reality the defense is based on it.
Under the agreement, Irwin did considerable general printing, and furnished materials which were used by the county. He alleged that he had duly kept and performed all the conditions of the agreement on his part. He set up that he filed a claim with the board in October, 1892, which the board audited and allowed, and ordered a warrant drawn for $136.65, which was accordingly issued and delivered to him. According to its recital, it was for county printing out of. money belonging to the printing fund, and payable solely therefrom in the order of its registered number, and not otherwise. Irwin likewise set up that subsequently, and in November, 1892, he presented another bill, and received another county order for the sum of $285, which contained the same limitations and conditions. It was stated that the board .of county commissioners had audited the bills, allowed the claims, and directed the warrants to be issued. They were made out by the proper authorities, properly signed, and delivered to the petitioner. At the time the warrants were presented to the treasurer, there was in his possession moneys properly applicable to the payment of these warrants. This fund had previously been designated and set apart as a printing fund. The treasurer declined to pay the warrants. According to his answer, he relied upon two matters by way of defense.
The first, which related to an alleged defect in Prindle’stitle to the office of county commissioner, was abandoned on *68 the argument. He was chairman of the committee on printing, and executed the contract with Irwin. This defense will not be further noticed. The other defense rested solely on an allegation that neither Prindle, as chairman, nor the board of county commissioners, as such, had any authority whatever to contract with Irwin for the publication of the tax list of 1892. The treasurer insists that he alone was authorized to make the contract, and that a part of the consideration for the warrants and bills audited and allowed by the board included the compensation for the publication of such list.
On these facts a peremptory writ was ordered to issue against the treasurer, who brings the case here by appeal.
We do not intend to discuss or dispose of the question of the authority of the board or of the treasurer with reference to the publication of the tax list. According to the view which we take of the case, the matter can be satisfactorily resolved without the determination of that question, and we are of the opinion that there is not enough in the present record to enable us to decide it satisfactorily. We can very readily see how an adverse decision on this matter might seriously embarrass the county in the collection of its revenue, and might cast some shadow upon the validity of the proceedings which may have been taken under any advertisement which was made to enforce the collection of the taxes. Since we have concluded the treasurer was without right to make the defense which he set up, we will adjudicate the rights of these parties without any discussion which might affect other and collateral interests. Nothing whatever that is said in this opinion is to be taken as in any way an intimation of the views of the court respecting the validity of the advertisement or the settlement of the query where the power is vested to make a contract for advertising a tax list.
Mandamus was an appropriate remedy, which Irwin had a right to invoke to enforce the payment of his warrants. This question was virtually settled in an early case decided in 1892. Hockaday v. County Commissioners, 1 Colo. App. *69 362. While the court was not a unit on all the questions involved in that litigation, there was no diversity of opinion respecting the right to this remedy under certain circumstances. The principal opinion, rendered by Judge Reed, conceded that where warrants were drawn on a special fund, and there was money belonging to it in the hands of the proper officer, mandamus might be resorted to to compel its payment. The ease, went off on another ground, and the majority of the court held that although mandamus was under some circumstances a proper remedy, yet, under the facts in that case, and the proceedings which had been taken, the matter was not open for adjudication. In the dissenting opinion which I filed in that matter, I indulged-in quite an extended discussion of the right to this remedy, and of the circumstances under which it was both available and exclusive. On pages 390, 391 and 392 of the volume this discussion can be found, with the authorities which were relied on to confirm the position. There was no disagreement among the members of the court as to the law on this particular proposition, but- we simply differed as to the necessity of its application. I may, without impropriety, refer to this discussion, in order to illustrate and emphasize the brief statement now made. In the absence of a statute directly authorizing an action at law against the county to recover the sum due on a county order, it is generally true that mandamus is the appropriate remedy. All the circumstances necessary to make this remedy a proper one concur in the present case. There was a specific legal right to a certain amount of money, evidenced by an order issued by the county government. The board which directed it to issue had authority to pass on the creditor’s claim,.and a right to draw a warrant on the treasurer. The order was drawn on a definite fund. In order to entitle the creditor to his money, he must show that there was a fund in the treasury at the time of the presentation of his order properly applicable to the payment of this claim. He could not maintain an action against the county and recover a general judgment, which is the only thing which can be entered in a civil *70 action for money, for in such event the judgment would be payable otherwise than according to the terms of the order. It would manifestly be impossible, in that, sort of an action, to enter a judgment directing the treasurer to pay the plaintiff a particular sum of money out of a specific fund. It is thus clear that Irwin had a right to file his petition for a writ of mandamus. If, on the hearing, the court should find there •was money in the printing fund sufficient to pay his warrant, and Irwin was entitled to payment under the order of registration, it could direct the treasurer to pay him. Vide Auth., 1 Colo. App. 892. We therefore conclude Irwin was entitled to maintain his petition for a mandamus, unless the treasurer’s defense was effectual to bar the remedy. This we cannot concede. It is insisted on the part of the county treasurer that it is his privilege and prerogative to determine the legality of the action of the board of commissioners where they have audited and allowed a claim and made an order on him which directs him to pay the amount of money named in the order. . It is difficult to exactly apprehend the basis for this .contention. No statute is eked which gives to the county treasurer, this supervisory power over the governing body of the county.' , An authority is cited from California, which seems; to hold that where a board of county commissioners lias issued,a warrant without legal right, the treasurer may refuse to .pay it. A general expression of this sort is found in Connor v. Morris, 23 Cal. 447. The decision was put on 'the precise ground that it was evident from the record the board was absolutely without jurisdiction to issue the particular order on which the proceeding was based. This opinion must be read, however, in conjunction with two earlier cases •by the same court: El Dorado County v. Elstner et al., 18 Cal. 144; Keller v. Hyde, 20 Cal. 594.
These '.clearly decided that wherever the board had authority to act in the premises, or wherever the board of county commissioners had the right to issue the order for any part of the audited claim, the treasurer may not undertake to .determine the legality or,the illegality of the order, but must *71 pay it on presentation, if otherwise the situation of the funds permit it. We cannot infer an intention to overrule the earlier eases, for, by a reference to the Keller Case, it is expressly approved. In turn that case is based on the other. It follows that the three must be examined to learn the rule accepted by the court. To us it clearly seems to be what has been stated. We should, in any event, be inclined to doubt the proposition stated in the Connor Case. We need not directly disagree with that authority, because the present controversy lacks the principal feature which entirely determined that decision. According to the present record, Irwin had done printing for the county, and had furnished stationery of the description which the treasurer conceded the board could contract about without the right on his part to question the legality of their proceedings. The treasurer simply insists, as to the part of the warrant which included the printing of the tax list, the board had no jurisdiction to contract, audit, or allow the claim, and consequently he was at liberty to decide how much of the warrant he should pay and how much he could withhold. We do not believe, under the circumstances, he had any such prerogative. The statute which defines his duties and grants powers to boards of county commissioners permits of no such construction. As we said in County Commissioners v. Lee, 3 Colo. App. 177: “Under the statutory plan which divides the state into counties, and regulates the government of those territorial subdivisions, all power to fix, control, determine, or in any manner dispose of the funds of a county is devolved on the board of county commissioners. They alone have the right to disburse the public moneys, and to decide in what cases, and under what circumstances, such funds shall be paid out, unless it be in those cases where fixed rights are conferred by statute. In and of itself, this fact should be decisive of the present inquiry. Wherever a broad, universal and sweeping power is thus given to a governing body, it' cannot be conceded that by implication any other body, whether it be a court or one resembling the board of county commissioners, *72 should likewise have power to dispose of the public revenues.” We cannot perceive that the treasurer is clothed with the power to pass on the legality of the action of the governing body of the county. . Power to determine the validity of all claims against the governmental division is intrusted to the board. When they have audited and allowed a claim, and a warrant is issued in accordance witb their determination, we cannot see that the statute has clothed the treasurer with the supervisory power to determine the validity of their acts.
We therefore conclude the appellee proceeded in a proper, manner to enforce his rights, and that the treasurer set up nothing which was a defense to the proceeding. .The judgment of the district court will therefore be affirmed.
Affirmed.