## FORBES v. THE BOARD OF COUNTY COMMISSIONERS OF GRAND COUNTY.

**1. COUNTY WARRANTS—CAUSE OF ACTION.**

Unless for some exceptional reason, no right of action accrues against a county on a warrant payable " out of moneys in the treasury not otherwise appropriated" until a fund for the payment thereof has been collected.

**2. SAME.**

The mode prescribed by the legislature for the payment of county warrants is exclusive, except when for some exceptional reason, such as a failure to levy the tax provided or a diversion of the fund when collected to a different purpose, a different procedure may be resorted to.

**3. SAME—MANDAMUS.**

Mandamus lies against the county treasurer to compel the payment of a county warrant when a fund has been raised through the means provided by the legislature applicable to that purpose, and he wrongfully refuses to pay it.

**4. SAME—LIMITATIONS.**

The statute of limitations does not begin to run against an action on a county warrant until the conditions upon which it is payable have arisen.

**5. WAIVER—VENUE.**

Defective service of summons is waived by a general appearance; and by failing to apply for a change of venue, the right to have a cause tried in the proper county is also waived.

**6. CHANGE OF VENUE—COUNTY COURTS.**

The place of trial of an action pending in a county court may be changed to the county court of the proper county, notwithstanding such county may not be adjacent to the one in which the action is pending.

*Error to the County Court of Arapahoe County.*

**Messrs. FILLIUS & DAVIS,** for plaintiff in error.

**Mr. SAM. W. JONES** and **Mr. C. C. CLEMENTS,** for defendant in error.

**MR. JUSTICE GODDARD** delivered the opinion of the court.

On the 26th day of April, 1894, Albert R. Forbes, plain-

tiff in error, brought this action against the board of county
commissioners of Grand county, defendant in error, in the
county court of Arapahoe county, to recover on several of
its county warrants issued and registered at various times
between August 22, 1882, and January 22, 1886.   These
warrants are not set out *in hæc verba*, but the complaint
avers that they are in the following form:

```
" $_____        _____County.
                Board of County Commissioners.
Treasurer of said County_____ .
                    Term, 188____
Pay _____or order
_____-100 Dollars
for_____out of moneys
in the treasury not otherwise appropriated.
                    _____County Clerk,
                        per_____
No._____                              Deputy.
                _____
            Chairman Board County Commissioners."
```

(left margin, vertical:) STATE OF COLORADO.

And that they were issued upon just and valid claims, au-
dited and allowed by the board for services rendered and
materials furnished to and for Grand county.   It further avers
that all of said warrants are unpaid, and that after their regis-
tration the plaintiff purchased them, and is now the holder
and owner thereof.   That at no time since the execution and
delivery of said warrants has there been any money in the
hands of Grand county, not otherwise appropriated, for their
payment; nor has any treasurer of Grand county ever made
a call for the payment of said warrants, nor any offer to pay
the same.

To this complaint the defendant demurred for the follow-
ing reasons:

"1. Because the said complaint does not state facts suffi-
cient to constitute a cause of action.

"2. Because the said defendant and its predecessors, as
appears from said complaint, have not, within six years prior

to the commencement of this action, promised to pay the said several sums of money in said complaint mentioned, or any of them.

"3. Because the said action, as appears from said complaint, is barred by the statute of limitations in such case made and provided.

"4. Because the said court has not jurisdiction to hear or determine this action.

"5. Because, as appears from said complaint, this action can be tried only in the county of Grand, to which county this court has no authority in law to transfer the said cause."

This demurrer was overruled as to the first, fourth and fifth paragraphs, and sustained as to the second and third paragraphs. To the order of the court overruling the said paragraphs of the demurrer, the defendant excepted. To so much of the order as sustained the second and third paragraphs, the plaintiff excepted; and, electing to stand by his complaint, judgment was entered in favor of defendant for costs.

The plaintiff brings the case here, relying for a reversal of the judgment upon the ruling of the court below sustaining the demurrer, upon the ground that the statute of limitations barred his right of action; but concurs with the defendant in asking that we consider the rulings upon the other grounds of the demurrer, since it is desired that the merits of each of the defenses may be considered upon this review. These defenses present three propositions, viz.:

First. Was the action barred by the statute of limitations?

Second. If not, does the complaint state facts sufficient to entitle plaintiff to maintain an action against the county on the warrants in question?

Third. Did the county court of Arapahoe county have jurisdiction to hear and determine the case?

The decision of the first proposition must necessarily depend upon the solution of the second, since it is evident that unless it appears from the allegations of the complaint that a cause of action exists, and that such cause of action

accrued more than six years prior to the commencement of
the suit, the bar of the statute could not be successfully
invoked by the demurrer; and also that if the complaint fails
to show that a cause of action has accrued upon the warrants
at any time, the judgment of the court below must be upheld,
notwithstanding its ruling upon the first proposition was
erroneous.    While it may be that under some circumstances
an action may lie to recover a money judgment, against a
county upon orders or warrants of this character, yet the
policy of the legislature, as evidenced by the various enact-
ments prescribing the manner in which the finances of a
county shall be administered, is manifestly against the main-
tenance of such a suit.

By the act of March 24, 1877, chap. 23, Gen. Stats. 1883,
full and express provision is made for the audit and payment
of claims against the county.   It is therein provided that
claims against a county shall be presented to, and audited by,
its board of county commissioners; and if allowed, an order
upon the treasurer, for its payment out of the proper fund,
shall be issued therefor, as provided by law.   Id., secs. 538,
546.   When any claim, of any person, shall be disallowed in
whole or in part, such person may appeal to the district court.
Id., sec. 547.   Such orders are entitled to a preference as to
payment, according to the order of time in which they may
be presented to the county treasurer.   Id., sec. 637.   The
treasurer is required to keep in his office a book, called the
"Register of County Orders," wherein he is required to
enter the date of the presentation, the date and number of
such order, the amount for which the same is payable, the
name of the person to whom such order is payable, the name
of the person presenting the same.   Id., sec. 643.   It is also
provided that every fund in the hands of the county treas-
urer for disbursement shall be paid out in the order in which
the orders drawn thereon shall be presented for payment.
Id., sec. 644.   And it is made a misdemeanor for the treas-
urer to fail, neglect or refuse to keep such a register, and to
enter therein at the time of presentation, every county order

which may be presented to him for payment; or to refuse to pay any order presented to him for payment, there being then money in the treasury appropriated for the payment thereof; or to pay any such order, there not being then remaining in the treasury money sufficient wherefrom all orders drawn on the same fund, and previously presented, may lawfully be paid. Id., sec. 646.

Section 2, page 93, Laws of 1879, amending section 4, chap. 49, Gen. Laws, enacts:

" County orders and warrants, and other like evidences, or certificates of indebtedness * * * shall bear interest at the rate of ten per cent. per annum from the date of presentation thereof for payment at the treasury where the same may be payable, until there is money in the treasury for the payment thereof, except as in special cases otherwise provided by law; and every county treasurer to whom any such order or warrant is presented for payment shall endorse thereon the rate of interest said order or warrant will draw, and the date of such presentation, and subscribe such endorsement with his official signature."

By an act approved March 20, 1877, entitled " An Act to Provide for the Assessment and Collection of Revenue," etc., in section 6 it is provided that there shall be levied and assessed upon taxable real and personal property within this state each year, the following taxes:

" For ordinary county revenue, including the support of the poor, not more than ten mills on the dollar; for the support of schools, not less than two nor more than five mills on the dollar; for road purposes, not more than five mills on the dollar, and a poll tax not to exceed one dollar for such purposes, as shall be determined by the county commissioners of each county." Sec. 2816, Gen. Stats. 1883.

This act remained in force until April 1, 1891, when it was amended so as to permit a levy for ordinary county revenues, including the support of the poor, for an amount "sufficient to defray the ordinary county expenses." Session Laws 1891, pp. 111, 112.

It is very evident from these provisions that it was the intention of the legislature to provide for the payment of county warrants in the order of their presentation out of a fund to be realized from the levy and collection of the ten mills provided for general county purposes; and not until such a fund had been collected, and was applicable to the payment of the warrant in its order of presentation, could the holder require payment thereof; and not until such time would any right of action accrue upon such order or warrant against the county, unless perhaps the board had been derelict in its duty in levying the amount of taxes authorized. *King Iron Bridge & Mfg. Co. v. Otoe County,* 124 U. S. 459; *Brewer v. Otoe County,* 1 Neb. 373.

The fact that the tax provided proves inadequate to meet such obligations of the county does not render the county liable for their payment in some other manner. Persons purchasing such obligations take them subject to the mode of payment that the legislature has imposed; and such method is exclusive except when, for some exceptional reason (such as a failure to levy the tax provided, or a diversion of the fund, when collected, to a different purpose), a different procedure may be resorted to, to enforce payment. *United States v. County of Macon,* 99 U. S. 582; *Supervisors v. United States,* 18 Wall. 71; *Stryker v. County Com. Grand Co.,* 40 U. S. Cir. Ct. App. 583.

When a fund is raised, through the means provided by the legislature, that is applicable to the payment of a warrant in its order of presentation, and the treasurer wrongfully refuses to so apply it, the holder has an adequate remedy by mandamus against him, to compel its payment. *Hockaday v. County Commissioners,* 1 Colo. App. 362; *Beeney v. Irwin,* 6 Colo. App. 66. But no action can rightfully be brought upon such warrant until the fund is so raised, or the same might have been, by the levy and collection of the tax provided by the revenue law. *Brewer v. Otoe County, supra.*

In other words, no right of action accrues on such warrant until it is made to appear that one of these conditions exists.

Logically, therefore, the statute of limitations does not commence to run until the happening of such contingency.

The complaint avers that at no time since the execution and delivery of the warrant sued on has there been any money in the hands of the county, not otherwise appropriated, for their payment; and it does not appear therefrom that the board has failed to levy the full amount of the tax prescribed. It therefore follows that no cause of action is stated in the complaint, and the court erred in overruling the first ground of the demurrer. Our conclusion is that while it also erred in sustaining the plea of the statute of limitations—and the judgment in favor of the defendant in error cannot be sustained on that ground—yet it must be upheld upon the ground that no cause of action is shown to have accrued against the county upon the warrants in question.

The views we have expressed are at variance with those announced in *Schloss v. Pitkin County*, 1 Colo. App. 145. The court, in that case, assumed that a county order is payable upon demand; and that the endorsement of the treasurer of its presentation was an acceptance and a promise to pay the money from and after such presentation and acceptance; and upon such assumption rests its conclusion that then and thereby a right of action accrues to the holder upon such warrant.

From an examination of the cases cited in support of its position, it will be seen that the courts therein had under consideration the right to sue upon a county warrant issued under statutory provisions very unlike ours, and wherein no particular or express method for their payment was provided, or limitation of the rate of taxation for that purpose prescribed. We think they afford no authority for the right to maintain an action on a county warrant issued under the statutory provisions above cited, and that the court of appeals acted upon a mistaken assumption in this regard.

In the cases of *Hockaday v. County Commissioners* and *Beeney v. Irwin, supra*, that court distinguishes those cases from

one in which an action is brought upon a warrant payable exclusively out of a special fund; and holds that an action cannot be maintained on the latter to recover a general money judgment against the county.   The reasoning in these later cases is against the doctrine of the *Schloss Case*.

The question raised by the third objection is settled adversely to defendant in error by the case of *Fletcher v. Stowell*, 17 Colo. 94.   The county, by appearing, waived the defective service of the summons; and by failing to apply for a change of venue, the right to have the case tried in the proper county was also waived, under the rule laid down in that case.

The right to change the place of trial of the case was not controlled by section 503 of the General Statutes, as assumed by counsel for defendant in error, which permits changes of venue from county courts only to county courts of an adjacent county, for causes specified in the second, third and fourth subdivisions of section 29 of the code; but by the first subdivision of the latter section, which necessarily requires the change of the place of trial to the county designated as the place of trial by statute, the case might have been transferred to the county court of Grand county for trial.

Upon the entire record, we are of the opinion that for the reasons above given, the judgment of the court below must be affirmed.

*Affirmed.*