Wilson, J.,
concurring specially.
In my opinion, the controlling question in this case, — the one which is decisive of the appeal, — has been settled by the supreme court, and of course this court is concluded by that decision, Forbes v. Grand County, 23 Colo. 344. It is true in that case the court at the outset of its opinion, in announcing the general proposition that it was contrary to legislative policy that a suit could be maintained against a county upon county orders or warrants of the character involved, said, “ While it may be that under some circumstances an action may lie to recover a money judgment ” upon such orders or warrants. It has been urged that the court thereby held there were exceptions to the rule. I do not think that a reading of the entire opinion justifies or supports such a contention. The opinion neither points outnorspecifi.es nor indicates any circumstances which would support a departure .from the rule announced, and if the court’s conclusions upon and determination of the controlling question in the case are correct, which we are bound to acknowledge, I cannot conceive that there could exist any circumstances that would permit the maintenance of a suit upon such warrants contrary to the general rule announced. Neither is such a supposition warranted by the reasoning of the court, nor by that of the authorities cited in its support. On page 349, in announcing its holdings and conclusions, after a citation and discussion of the statutes applicable, the court said that it was evidently the intent of the legislature to provide for the payment of county warrants in the order of their presentation, out of a fund to be realized from the levy and collection of a certain tax provided for by the statute; and further said, that “ not until such a fund had been collected and was applicable to the payment of the warrant in its order of presentation, could a holder require payment thereof, and not until such time would any right of action accrue upon such order or warrant against the county, unless perhaps the board had been derelict in its duty in levying the amount *237 of taxes authorized.” The court further held that if the tax provided did not prove adequate to meet the obligations of the county, this did not render the county liable for the payment of the warrants in some other manner; that persons purchasing such obligations took them subject to the mode of payment that the legislature had imposed, etc. Further along, on the same page, the court held that when a fund was raised in the manner provided by statute, which was applicable to the payment of a warrant in the order of its presentation, and the treasurer wrongfully refused to so apply it, the holder had an adequate remedy by mandamus against him to compel its payment, and added, “ But no action can rightfully be brought upon such warrant until the fund is so raised, or the same might have been by the levy and collection of the tax provided by the revenue law. Brewer v. Otoe Bounty, 1 Neb. 373. In other words, no right of action accrues on such warrants until it is made to appear that one of these conditions exists.” Here is no mention of an exception; on the contrary, the express language of the opinion excludes the idea that there could be an exception.
However, if my construction of the opinion is not correct; and it is conceded that there may be some exceptions to the general rule, yet the warrants upon which judgment was rendered in this case are of identically the same character as were under consideration in that case. In either event, then, the rule laid down in that opinion is directly applicable to this case. The supreme judicial tribunal of the state having thus in my judgment declared the law upon the controverted question involved, this court is bound to hold in conformity to its adjudication. For this reason, I concur in the opinion that the judgment should be reversed.