# September Term, 1903.

[No. 4384.]

THE BOARD OF COUNTY COMMISSIONERS OF GUNNISON
COUNTY v. SIMS.

**County Bonds—Coupons—Action Upon—Mandamus.**

An action for a money judgment will not lie upon coupons from county refunding bonds, but mandamus is the exclusive remedy, except in certain cases, such as a diversion of the fund. If the tax has been levied and collected and is in the hands of the treasurer sufficient to pay the coupons the remedy is mandamus against the treasurer to compel payment. If the board of county commissioners fails to levy a tax to pay the coupons the remedy is mandamus against the board to compel the levy.

*Appeal from the District Court of Arapahoe County.*

Mr. DEXTER T. SAPP, for appellant.

Mr. CHARLES J. HUGHES, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Action to recover a money judgment on coupons from county bonds. The defendant's general demurrer to the complaint was overruled, and upon its election to stand thereby, judgment was rendered against the county in favor of plaintiff for about seven thousand dollars. Upon this appeal objection is made to the sufficiency of the complaint.

The bonds from which the coupons are detached are funding bonds of the county of Gunnison issued in pursuance of the authority of the funding act of the general assembly passed February 21, 1881. 1

Mills' Ann. Stats., p. 795, *et seq.* The complaint recites in substance that these bonds were issued and exchanged for pre-existing valid county warrants, and their execution was strictly in accordance with all the requirements of the funding act, and plaintiff purchased them before maturity, in good faith and for a valuable consideration. After payment by the county for a number of years of the semi-annual interest thereon, it made default in further payments thereof, whereupon this action was brought to recover a money judgment upon the defaulted coupons.

The specific objection to the maintenance of the action is that under the provisions of the funding act the sole remedy provided by the general assembly to enforce the payment of such indebtedness is mandamus, and that an action to recover a money judgment against the county will not lie. As to county warrants the general rule is now established in this state that it is against the manifest policy of the general assembly to permit the recovery of a money judgment thereon.—*Forbes v. Grand County,* 23 Colo. 344; *Bd. of Comrs. v. People,* 16 Colo. App, 215 (64 Pac. 675).

In commenting upon the Forbes case, our court of appeals, speaking through Mr. Justice Thomson, has thus summarized the doctrine thereby established:

"It is evident from the whole tenor of the opinion, and the authorities it cites, that whether the money applicable to the payment of a warrant had been collected, and payment of the warrant refused, or whether the board of commissioners failed to levy the proper tax from which the warrant, in its due order, could be paid, the court regarded mandamus as the proper remedy—in the one case against the treasurer to compel payment, and in the other against the board to compel the levy of the tax."

We think the same doctrine and the same reasoning applies to these funding bonds. Specific provisions for their payment are found in the funding act and they are substantially the same as for discharging county warrants. Mills' Ann. Stats., sec. 939, *et seq.* Section 941 requires the county commissioners to provide for the semi-annual interest accruing on such bonds, and directs that they shall annually levy a sufficient tax to discharge the same, as well as for the ultimate redemption of the bonds; and all taxes for interest on, and for the redemption of, such bonds shall be paid in cash only and kept by the county treasurer as a special fund to be used only for the payment of such interest and principal indebtedness. The bonds are to be numbered and registered in the order in which they are issued, and paid in the order of their number.

It is obvious, therefore, that the general assembly has specifically provided how these bonds shall be paid. Purchasers are charged with notice of the prescribed mode of payment. This method of payment and enforcement of the same is exclusive except, as in case of county warrants, where for some exceptional reason, such as a diversion of the fund, a different procedure may be resorted to.

If the tax had been levied and collected and there were in the hands of the treasurer sufficient funds to pay the same in the manner prescribed by the funding act, and the treasurer, upon demand, refused to pay them, plaintiff's remedy was by mandamus to compel payment. If the commissioners had failed to discharge their duty in levying the tax, the remedy was by mandamus against the board to compel the levy of the tax. We think it clear from the allegations of the complaint, and under the provisions of the funding act and the method of payment therein provided, that an action to recover a money

judgment against the county upon such bonds and coupons will not lie; but that mandamus, either against the board or the treasurer, as the case may be, is the only remedy, unless an exceptional case is presented, as above indicated, to which class the case made in this complaint does not belong. The fact that actions for a money judgment have been prosecuted in this jurisdiction is not conclusive. The point here presented was not raised in any of them.

The district court should have sustained the demurrer. For its error in that regard, the judgment is reversed and the cause remanded.

*Reversed.*