[No. 4537.]

THE CITY OF DENVER v. THE NATIONAL EXCHANGE BANK.

**Cities and Towns — Warrants — Special Fund — Actions — Mandamus.**

An action for a money judgment against a city upon city warrants drawn upon a special improvement fund to be created by an assessment upon abutting property for work done in

constructing a sidewalk cannot be maintained unless it be alleged and shown that the city cannot make a valid assessment upon the abutting property or has negligently failed to make such assessment. The proper remedy is by mandamus to compel the assessment and levy of the special tax.

*Appeal from the District Court of Arapahoe County: Hon. John I. Mullins, Judge.*

Mr. H. M. Orahood and Mr. H. L. Ritter, for appellant.

Mr. W. B. Tebbetts and Mr. H. M. Munroe, for appellee.

Mr. Justice Steele delivered the opinion of the court.

Suit was brought by the bank against the city to recover a general judgment upon sixty-eight warrants issued by the city to certain contractors who had built sidewalks under a contract with the city. Exhibit 1 is as follows:

"$163.90.                                              No. 3.

"City Auditor's Office.

"Denver, Colo., Oct. 1, 1890.

"Treasurer of the City of Denver:

"Pay to Regan & Delaney or order $163.90, out of the special sidewalk fund of East Denver sidewalk district No. 2, being payment for construction of sidewalk front of lot numbered 20, block 43, Evans addition, in the city of Denver, as shown by city engineer's certificate No. 3 on file in this office.

"Wolfe Londoner, Mayor.

[City seal.]    "A. A. McKnight, City Auditor.

"Geo. R. Raymond, Dep.

"Attest:

"W. H. Milburn, City Clerk.

"Per W. E. Kiskadden, Dep."

The payment of this warrant is guaranteed and issued by the city of Denver under the conditions of ordinance No. 106, series of 1889, as amended by ordinance No. 20, series of 1890.

Indorsement on face:

"Presented for payment April 24, 1891.

"No funds.

"This warrant draws interest from this date at six per cent per annum.

"J. F. Adams, City Treasurer."

Indorsement on back:

"Regan & Delaney,

"By Chas. Connor, Atty. in Fact.

"Regan & Delaney."

Sixty-seven other warrants similar in form were filed as exhibits. All the warrants are held by the bank through proper indorsements. The plaintiff does not, in its complaint, undertake to hold the city upon any supposed guaranty indorsed upon the warrant, but seeks a general judgment against the city because of its failure, as alleged in the complaint, to provide a fund out of which the warrants shall be paid. It is admitted by plaintiff that no special ordinance guaranteeing payment of said warrants was passed in manner and form provided by law. The complaint alleges, among other things, "That the defendant has wholly failed to provide at any time any money in said special sidewalk fund of East Denver sidewalk district No. 2 with which to pay said warrant or any part thereof, or the interest thereon, or any part thereof, and that the same is still wholly unpaid." The city demurred, but the demurrer was overruled. In the answer filed it is set forth, in substance, that the city had taken every step required of it by law to be taken for the purpose of assessing, collecting and disbursing a fund for the payment of the warrants issued to said contractors; that the said

assessment was duly certified to the clerk of Arapahoe county on January 6, 1898; that the same has been by said clerk placed upon the tax list as a special assessment against each of the lots named; that the city has been and is now collecting such assessment in the same manner as general city taxes are now collected; and the said assessment has been and is now a lien upon the said lots, and all moneys received by the city of Denver from the county treasurer in the collection of said assessment are placed by the said treasurer of the city of Denver in said special sidewalk fund of East Denver sidewalk district No. 2 for the payment of said warrants, and that said warrants will be paid by the said treasurer of the city of Denver, in the order of their issuance, out of the moneys and funds in said special sidewalk fund as rapidly as money is received as aforesaid for the payment of the same.

This and other portions of the answer were on motion stricken, and the court rendered a general judgment against the city in the sum of $4,934.78. From the judgment the city appealed, and we have now but one question presented for our consideration, and that is whether the city is liable on the warrants issued by it and made payable out of the special fund, in the absence of an allegation that there is money in the fund to pay the warrant, or an allegation that the city has not and cannot make a valid assessment and levy upon the property abutting the improvements.

It is held in *Travelers' Insurance Co. v. Denver,* 11 Colo. 435, that in an action upon warrants drawn on a special fund it is necessary for the plaintiff to allege that there is money in that fund to pay the same.

In the case of *Bill v. City of Denver,* decided by Judge Brewer when circuit judge of the United

States, it is held that the city was liable on an implied · guaranty on a warrant issued by it payable out of. a special fund, where it appeared that the special assessment made by the city was void. It was said in the course of the opinion: "It is insisted on the part of the city that its sole liability was the making of an assessment and levy upon this sewer district;· and that, if it has failed to discharge that duty, the plaintiff's sole remedy is by *mandamus* proceedings to compel it to proceed therewith. And familiar cases are cited in which a party takes a warrant drawn on a particular fund, or makes a contract for services payable out of a particular fund, and his remedy is uniformly limited to that fund; as, for instance, if he takes a warrant from the county payable out of the poor fund, he cannot thereafter insist that the county's general revenues shall be appropriated to that warrant. But I do not think that rule is applicable in this case. The city made the contract, and impliedly guaranteed that it would make a levy upon certain property for the payment of these warrants. * * * The plaintiff therefore had a right to rely upon the fact that the city had power to proceed and make this levy; and it comes within those familiar cases in which a city, having contracted for improvements along the line of a street, guaranteeing impliedly that it will levy and collect taxes upon the abutting lot owners for the purpose of paying for those improvements, by failing thereafter, when the work is done, to make the levy, becomes personally liable."—29 Fed. Rep. 344.

A great number of authorities are cited which hold that where a city makes a contract for public improvements and agrees that it will make an assessment upon the abutting property to pay for the improvements, and issues its warrants drawn against a special fund, that it is liable generally for the im-

provements and upon the warrants whenever it shall appear that it has been unable to make the assessment or has negligently failed to make the assessment. But we do not believe that the city is liable on these warrants in the absence of proof that its assessment is invalid or that it has been negligent in making the assessment. The mere fact that it has failed to make the collection of taxes is not, we think, sufficient to render the city liable upon the warrants.

In the case *Board of County Commissioners v. Sims,* 31 Colo. 483, the court held, speaking of certain county bonds made payable from a special fund: "Purchasers are charged with notice of the prescribed mode of payment. This method of payment and enforcement of the same is exclusive except, as in case of county warrants where, for some exceptional reason, such as a diversion of the fund, a different procedure may be resorted to. If the tax had been levied and collected and there were in the hands of the treasurer sufficient funds to pay the same in the manner prescribed by the funding act and the treasurer, upon demand, refused to pay them, plaintiff's remedy was by mandamus to compel payment. If the commissioners had failed to discharge their duty in levying the tax, the remedy was by mandamus against the board to compel the levy of the tax. We think it clear from the allegations of the complaint and under the provisions of the funding act and the method of payment therein provided that an action to recover a money judgment against the county upon such bonds and coupons will not lie; but that mandamus, either against the board or the treasurer, as the case may be, is the only remedy, unless an exceptional case is presented as above indicated, to which class the case made in this complaint does not belong."

We regard this case as applicable to the one at bar and decisive of it. There is no difference in principle between a special warrant of a county and a special warrant of a city; and we must hold that the complaint having failed to set forth such facts as are indicated in *Board of County Commissioners v. Sims* were necessary, the judgment should not have been rendered against the city.

The judgment is reversed and the cause remanded.                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.