No. 8970.

RIO GRANDE JUNCTION RAILWAY COMPANY *v.* ORCHARD MESA IRRIGATION DISTRICT.

1. IRRIGATION DISTRICTS—*Warrants—Remedies of Holder.* The holder of a warrant of an irrigation district is not entitled to judgment for the amount thereof.    His sole remedy is mandamus.

That the warrant is chargeable to "general fund for maintenance" is not important.

The duty of the district board and the county commissioners, under the statute, expounded.

2. PLEADINGS—*Demurrer*—*Several Counts*—*Effect.* Where of several counts one contains a statement, nowhere disputed in the others, which shows that in no event is the plaintiff entitled to his action, a demurrer to the whole complaint is properly sustained.

*Error to Mesa District Court, Hon. Thomas J. Black, Judge.*

Mr. E. N. CLARK, Mr. G. A. LUXFORD, for plaintiff in error.

Mr. BENJAMIN GRIFFITH, for defendant in error.

Chief Justice Hill delivered the opinion of the court:

THE plaintiff in error, hereafter called the plaintiff, elected to stand upon its second amended complaint after a demurrer had been sustained thereto. It contained three alleged causes of action growing out of the same transaction, and which entitled it, if at all, to but one judgment. The first count, in substance, alleges that the defendant is an irrigation district; that in November, 1909, it entered into a written contract with the plaintiff (ratified by its electors at an election held for that purpose, etc.), whereby the plaintiff agreed to raise its tracks on the north bank of Grande River, so as to protect them from damage by reason of water to be empounded in a dam which the district was then constructing; that the district agreed to pay plaintiff the cost of this work, and was to deposit with it $35,000.00 to be applied in such payment, if that amount was required; that if it cost more it would pay the additional amount, etc.; that the district deposited the $35,000.-00; that the work was done as agreed; that its total cost was $43,733.77; that after crediting the $35,000.00, there was a balance due of $8,733.77; that plaintiff made out an itemized account of said balance due, verified, and filed it with the secretary of the defendant; that said claim was disallowed by the board of directors of said district,

and that there is due the plaintiff said sum with interest from the 25th of November, 1911; that defendant has at all times neglected and does now neglect to make the necessary levy, to pay or provide for the payment, of said sum, and that defendant does not intend to provide any funds to pay the balance due. Judgment is prayed for the amount alleged to be due with interest.

The second count alleges the same facts as the first up to the amount due it, then alleges, that the defendant disputed the balance due, and entered into negotiations for an adjustment of the sum to be paid, etc.; that in consequence of said negotiotions, and on or about November the 27th, 1911, the parties then and there agreed that the plaintiff would accept $8,104.85 in full settlement of all that was due under said contract; that the defendant promised to pay said amount, and by its board of directors did audit and allow said bill for the sum of $8,104.85, but that defendant has neglected and does neglect to make the necessary levy to pay or provide for the payment of said sum; that there is no money in the treasury of said districts, with which to pay any part of said sum, and that defendant does not intend to provide any funds to pay the balance due, etc. The prayer is for judgment for the amount last named, etc.

The third count is practically the same as the first and second up to and including the performance of the contract. It then alleges that plaintiff filed its claim in due form with the secretary; that thereafter and in November, 1911, the claim was duly audited and allowed by the board of directors of the defendant district in the sum of $8,104.85 and that on January 2, 1912, the board of directors ordered a warrant drawn for the payment of same; that on January 4th, following, the defendant issued and delivered to plaintiff its warrant therefor, the material portion of which reads:

"Pay to the Rio Grande Junction Railway Company or bearer, $8,104.85, * * *.

For services or material for maintenance, operation and current expense of said district.

Charge same to general fund for maintenance, etc."
That on January 5th, following, the plaintiff presented said warrant to the treasurer of the district for payment; that there were no funds to pay said warrant; that its payment was refused and it was registered as follows:

"Registered.   Presented.   No funds.   Jan. 5, 1912.

This warrant draws interest from this date at 6 per cent. per annum.                               Benton Canon, Co. Treas."
that this warrant has never been paid and is still due; that under and by virtue of the laws pertaining to irrigation districts, the board of directors is required to make a levy upon the land included within said district at a certain rate per acre sufficient to pay off delinquent and outstanding warrants; that the board of directors of defendant has failed and neglected to make any such levy, for the purpose of paying this warrant and does now neglect and refuse to make any levy to pay said warrant or any part thereof; that there is now due the plaintiff thereon $8,104.85 with interest.   The prayer is for judgment for this amount.

As the third alleged cause of action covers the entire transaction, it should be considered first.   Were we disposed to be technical, we could affirm the court's ruling thereon by calling attention to the fact that the irrigation district act does not require or authorize the board of directors of a district to make a levy to pay outstanding warrants or any levy for any purpose.   The power to make levies for the district is vested in the board of county commissioners, hence, the neglect or refusal of the district board to do something which it has no right to do, fails to state any neglect or duty on its part.   We do not care, however, to dispose of this count in this manner.   In order to consider it on the real point involved, we will assume that the allegation is sufficient to charge neglect upon the part of those whose duty it was to certify an amount sufficient to include this warrant, as well as a failure upon the part of those whose duty it was to make the levy therefor.

With these assumptions included, are the facts sufficient to allow the plaintiff, after accepting a warrant in payment of its debt, to thereafter secure a money judgment upon the warrant? When contested, it has never been permitted upon such a showing as to county, city or town warrants in this jurisdiction, but to the contrary when nothing more is presented than alleged in this count, mandamus is held to be the exclusive remedy.

*Forbes v. Grand County,* 23 Colo. 344, 47 Pac. 388; *Gunnison County v. Sims,* 31 Colo. 483, 74 Pac. 457; *City of Denver v. National Exchange Bank,* 34 Colo. 387, 82 Pac. 488; *City of Denver v. Bottom et al.,* 44 Colo. 308, 98 Pac. 13; *Berkey v. County Commissioners,* 48 Colo. 104, 110 Pac. 197, 20 Ann. Cas. 1109; *Beeney v. Irwin,* 6 Colo. App. 66, 39 Pac. 900; *Grand County v. The People,* 16 Colo. App. 215, 64 Pac. 675.

While the cases cited apply to warrants of counties, cities and towns, the reasons given for the rule make it applicable to warrants of irrigation districts. In *Forbes v. Grand County, supra,* this court, speaking through Mr. Justice Goddard points out the legislation pertaining to claims against a county, their allowance, payment in warrants, registration thereof, the levying and collection of taxes for their payment, the paying of same in the order of their registration, etc., followed with the conclusion that the holder has the right to a writ of mandamus to compel their payment out of the funds levied for that purpose, and in certain cases to compel a levy in order to create a fund out of which they can be paid. The irrigation district act contains somewhat similar provisions including a clause that the revenue laws of the state for the assessment, levying and collection of taxes on real estate for county purposes, except as modified in the act, shall be applicable. This act makes it the duty of a district board of directors on or before September the 1st of each year, to determine the amount of money required to meet the maintenance, operating and current expenses for the ensuing year, and to certify to the county commissioners said amount, to-

gether with such additional amount as may be necessary to meet any deficiency in the payment of said expenses theretofore incurred. Upon the receipt of this certificate, the county commissioners are required to make a levy sufficient not only to raise the amount thus certified, but fifteen per cent additional to cover delinquency. It will thus be seen that a complete method is provided to take care of the current expenses of the district by making a levy sufficient therefore, and fifteen per cent additional; if this proves inadequate, the act provides that the board at its next annual meeting for this purpose shall include such additional amount as may be necessary to meet any deficiency, in the payment of said expenses theretofore incurred. To put it in the language of Chief Justice Campbell, in *Gunnison County v. Sims, supra,*

"This method of payment and enforcement of the same is exclusive, except, as in case of county warrants, when for some exceptional reason, such as a diversion of the fund, a different procedure may be resorted to."

In the case at bar no such exception is pleaded, but to the contrary, the neglect of duty presented in plaintiff's brief consists in the district board's failure to certify an amount sufficient to cover this warrant, and the county commissioner's failure to make the necessary levy therefor. There is no allegation in the complaint, except by inference, that the district board neglected its duty in this respect, but if either board has, the ruling in the cases above cited it is to the effect that plaintiff's remedy was by mandamus to compel them to perform it.

The contention that the warrant was upon the general fund of the district, and for that reason the cases cited are not applicable, is not well taken. The warrant is not upon funds not otherwise appropriated, but reads chargeable to general funds for maintenance, etc. In *Eberhart v. Canon,* as treasurer of this irrigation district, 61 Colo. 340, 157 Pac. 189, this court held that the moneys derived from the levy for one year for maintenance, operating and current expenses could not be used for other purposes, or for

the payment of the same kind of expenses for some other year, until all of those for the year for which it had been levied were paid. Also, that the levy made to meet the deficiency in the payment of expenses theretofore incurred could not be used for other purposes until the deficiency for which it was created had been paid. This ruling, in a sense, is to the effect that each of these funds is a special fund, to the extent at least that each must be used for the purpose for which it was created, until that purpose is accomplished, and that as to this general fund, so-called, it must be applied to the payment of the maintenance, operating and current expenses for the ensuing year, and none other, at least until such expenses for that year had been satisfied. An irrigation district is but a quasi-municipal corporation, created for a specific purpose. It is likewise only authorized to procure funds by taxation for certain purposes. The fund upon which this warrant was drawn was of that class and brings it within the rule recognized by our former cases.

By a supplemental brief, plaintiff urges a reversal under the rule that when tested by a demurrer each count or separate alleged cause of action in a complaint stands alone, as if it were a separate complaint, for this reason it urges that if the first or second count states a cause of action (although omitting to state all the facts as contained in the third count and by stating some that are in apparent conflict with it), that the demurrer should have been overruled as to them. We appreciate the force of this rule where applicable, but the cases cited do not cover a state of facts as presented here, which disclose that if the allegations in plaintiff's third count are true, it could not maintain this action on either of the three counts. The third count contains the allegation that it accepted and had registered a warrant for the debt sued on. This is not disputed in either the first or the second count. It is but a continuation of the history of the transaction between the parties, and by alleging it the plaintiff has plead itself out of court, but regardless of this, it now asks us to ignore

this allegation for the purpose of passing upon the demurrer to its first and second counts concerning the same transaction.  Section 55, Revised Code 1908, says:

"The complaint shall contain   *   *   *   a statement of the facts constituting the cause of action, in ordinary and concise language, without unnecessary repetition."

In *Cripple Creek M. Co. v. Brabant,* 37 Colo. 423, 425, 87 Pac. 794, it is said:

"As stated in *Spaulding v. Saltiel,* 18 Colo. 86, 88, the practice of pleading a double statement of the case so as to meet the exigencies of the proofs is not, as a general rule, permitted under the code.  The rule, however, is not absolutely inflexible."

The foregoing states the practice in this jurisdiction.  It is questionable if the facts disclosed justify the attempted effort to plead three causes of action, when all the facts could have been included in one simple statement, without unnecessary repetition, but in any event when the record is considered as a whole, it does not justify a reversal.

Section 84, Revised Code 1908, provides that:

"The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The plaintiff having disclosed by its pleadings that in no event would it be entitled to maintain this action, it would be but a waste of time to pass upon its contentions concerning the correctness of the ruling in sustaining the demurrer to its first and second alleged causes of action.

The judgment is affirmed.

*Affirmed.*

Mr. Justice Bailey and Mr. Justice Allen concur.