PEOPLE EX REL. v. AUSTIN, TREASURER.

A county having reached the constitutional limit of indebtedness cannot assign its incoming revenue by orders drawn thereon to the payment of necessary current expenses, so as to postpone in favor of the new orders thus issued the discharge of its prior valid indebtedness, represented by registered warrants which have not been paid or redeemed in the manner provided by the funding statute.

*Mandamus to the County Treasurer of Conejos County.*

ORIGINAL agreed case. Prior to the adoption of section 2, page 241, Session Laws 1887, the valid floating indebtedness of Conejos county, represented by outstanding warrants duly registered according to law, had reached the constitutional limit. In October of that year the board of county commissioners attempted, at least partially, to act under the provisions of the statute men-

tioned.  They set apart or assigned by resolution eighty per cent. of the incoming revenue for the current fiscal year to a fund for the payment of current county expenses.  They did not, however, fund the floating indebtedness, or otherwise provide for its payment, the remaining twenty per cent. being wholly inadequate for the purpose.  They also prescribed the form of warrant to be drawn on such fund, which should, under the statute and decision of the supreme court, operate as an assignment thereof, *pro tanto*, in advance.  In pursuance of this action of the board, numerous warrants were issued assigning portions of the incoming revenue, and were received in payment for necessary services or materials furnished the county from time to time.  Relator in this case is the holder and owner of one of these warrants, which he has presented to respondent, the county treasurer, for payment.  Respondent declines to pay the warrant on the ground that it is his duty to first take up other warrants that have been presented, which were duly registered prior to the one in controversy, and which constitute part of the floating debt existing before the year 1887.  The following is the material portion of section 2 above mentioned: "* * * Whenever there are no moneys in the county treasury of a county to the credit of the proper fund to meet and defray the necessary expenses of the county, it shall be lawful for the board of county commissioners of such county to provide that county warrants and orders of such county may be drawn and issued against, and in anticipation of, the collection of taxes already levied for the payment of such expenses, to the extent of eighty per centum of the total amount of the taxes levied: provided, that warrants and orders so drawn and issued under the provisions of this section shall show upon their face that they are payable solely from the fund upon which the same is drawn, and the taxes levied to form the same when collected, and not otherwise.  County warrants and orders may be in

such form as the county commissioners may provide, and may be made payable to the order of payee or to the bearer. The person or persons to whom such last-named warrants and orders shall be allowed and delivered shall be held to have accepted the same in full payment and satisfaction of the claim to pay which the same was issued; and the obligation of said warrants is hereby limited as stated; and said warrants shall be paid only by, through and from the fund drawn upon; and the collected and uncollected taxes levied, appropriated, collected or paid into the county treasury to create, constitute and form said fund, and the taxes provided by law therefor, shall be covered into said fund until all warrants drawn shall be fully paid, satisfied and discharged, both principal and interest. Said limited and last-named warrants and orders shall not operate as a debt of said county, and shall not be held to add to or increase the debt or indebtedness of said county: provided, that the provisions of this law shall in nowise affect the lawful warrants and orders of any county which were issued prior to the passage of this law, and are outstanding and unpaid; but such warrants, unless redeemed under the funding statute, shall first be paid, both principal and interest, in the order of their registry."

ALVIN MARSH, Attorney-General, for petitioners.

Mr. EUGENE ENGLEY, for respondent.

HELM, J. While the matters here involved are presented in the form of an agreed case, the proceeding is in the nature of *mandamus* to compel respondent, the county treasurer, to pay a certain county warrant owned by relator. But a single question is submitted for adjudication. This question may be concisely stated as follows: Can a county in this state which has reached the constitutional limit of indebtedness assign its incoming revenue, by orders drawn thereon, to the payment of

the necessary current expenses, so as to postpone, in favor of the new orders thus issued, the discharge of its prior valid indebtedness represented by outstanding registered warrants?

Section 637, General Statutes, under which most, if not all, of the warrants constituting the floating debt of Conejos county were issued, enters into and forms a part of the contract represented thereby. *People v. Hall*, 8 Colo. 485. This statute provides that such orders or warrants, when not taken up at the date of presentation, "shall be entitled to a preference as to payment according to the order of time in which they may be presented to the county treasurer." Therefore the county is bound by contract to give these orders precedence in payment over all orders subsequently issued. The county commissioners can take no step, either with or without legislative sanction, that shall impair the obligation of these contracts. *People v. Hall, supra*. Yet their action, according to relator's view, has precisely this effect. As construed by him, it postpones outstanding warrants to those assigning the incoming revenue for 1887 in payment of current expenses. We do not appreciate the pertinency or justice of counsel's assault upon section 2, page 241, Session Laws 1887. This section is obnoxious to none of the constitutional objections urged. The trouble, if any trouble there be, is not with the statute, but with the action of the county commissioners. If that body sought to dedicate, absolutely, eighty per cent. of the current incoming revenue to the payment of current expenses, regardless of outstanding warrants, they were attempting to violate a plain requirement of the statute. The last proviso of the section expressly declares that prior outstanding valid warrants must be redeemed under the funding statute, or they shall be first paid, in the order of registry, from the incoming revenue. It qualifies the preceding provisions, and undoubtedly controls the resolution of the commissioners. With this

limitation, the action of the county commissioners, so far as presented to us, seems regular. The foregoing subject has already been considered by this court. In discussing the constitutional limitations regarding county indebtedness we have said: "Counties may provide, under the funding statute, for the payment of all outstanding orders constituting a legal indebtedness. Such an indebtedness, therefore, when thus disposed of, does not interfere with the use of the current general revenue to defray the current expenses. And counties in all cases have the power to so adjust their affairs that valid warrants may issue in payment of such expenses as they accrue. * * *" *People v. May,* 9 Colo. 404. This language is as easily understood as is that of the statute. And it is difficult to perceive how the meaning of either the decision or statute could be mistaken. The warrant of relator is not entitled to payment till the prior valid warrants issued under section 637, General Statutes, are paid, or redeemed in the manner provided by the funding act.

*Writ denied.*