[No. 8628.]

### EBERHART V. CANON ET AL.

IRRIGATION DISTRICTS—*Warrants—Order of Payment.* The tax levied in an irrigation district, in each year, is to be applied to the expenses incurred in that year, interest accumulated, etc. The warrants drawn in one year are not to be paid out of the income of any succeeding year. If the revenue collected in any year is not sufficient to meet the outgoes of that year, the deficiency is to be met by a levy in the next succeeding year. (345, 346.)

*Error to Mesa District Court.* Hon. T. J. BLACK, Judge.

Mr. S. M. LOGAN, Mr. S. N. WHEELER, Messrs. HAYT, DAWSON & WRIGHT and Messrs. BURRY, JOHNSTONE & PETERS, for plaintiff in error.

Mr. N. C. MILLER and Messrs. GRIFFITH, WATSON & SMITH, for defendants in error.

Mr. Justice HILL delivered the opinion of the court.

The plaintiff in error brought this action to compel the defendant in error, as County Treasurer of Mesa County

and *ex officio* treasurer of The Orchard Mesa Irrigation District to pay the warrants of said district, in the order of their registration of the previous years, or rather, in the order of their registration from the organization of the district, and which would include the acceptance of warrants issued during and in payment of current expenses, etc., for 1910, 11 and 12, as payment of similar expenses for the year 1914. The court sustained the treasurer in his refusal to pay warrants in this order, or to accept the warrants of previous years in payment of levies for the current year, for the same purposes, when the funds for the current year were insufficient, as in this case, to pay the amounts issued for the current expenses.

The record discloses that in 1913 the district board certified, and the board of county commissioners made, four levies for district purposes, namely: A.—Interest on bonded indebtedness. B.—For maintenance, operating and current expenses for the year next ensuing. C.—To meet deficiency in the payment of outstanding warrants for maintenance, operating and current expenses issued for 1912. And D.—Same as C., except for years prior to 1912. It also discloses that in 1914 a similar certificate and levy was issued and made, with the exception that the amount to meet the deficiency was not divided into different years. Fifteen per cent was added to each to cover deficiency therein.

The real contention is whether the statute provides that upon its organization the district should pay all warrants in the order of their registration, regardless of the years in which they were issued, or the levy made to take care of warrants for the expenses of any year, or whether it was intended that each year's levy should pay the warrants of that year, and that any deficiency should be paid by a subsequent levy for that purpose. Plaintiff in error contends that the endless chain system was intended, and

that it is entitled to an order requiring the treasurer to credit the proceeds of all taxes for maintenance and operating purposes to one fund, and to pay in the order of their registration all warrants of the district, regardless of the year of their issuance or registration, and that the treasurer be restrained from applying any of the maintenance tax funds on warrants registered subsequent to the previous unpaid ones, regardless of the condition of the fund, or what it was levied for, or the year of the issuance and registration of the warrants.

This district was organized under our irrigation district act of 1905, and it is agreed that this contention is controlled by certain of its sections. Section 18 reads:

"It shall be the duty of the board of directors, on or before September first of each year, to determine the amount of money required to meet the maintenance, operating and current expenses for the ensuing year, and to certify to the County Commissioners of the county in which the office of said district is located, said amount, together with such additional amount as may be necessary to meet any deficiency in the payment of said expenses theretofore incurred."

Section 20, among other things, provides that the County Commissioners, upon receipt of the certificate of the board of directors certifying the total amount of money required to be raised as herein provided, shall fix the rate of levy necessary to provide the amount of money required to pay the interest, etc., of the bonds, also to fix the rate necessary to provide the amount of money required for any other purpose, as in this act provided, and which are to be raised by the levy of assessments upon the real property of the district, etc., to which shall be added fifteen per cent. Section 21 makes the County Treasurer the treasurer of the irrigation district, and provides that he shall receive in payment of the general fund tax above mentioned, for the year in which said taxes were levied, warrants drawn

against said general fund the same as so much lawful money of the United States, if such warrant does not exceed the amount of the general fund tax which the person tendering the same owes, etc. It provides further that the County Treasurer shall keep a bond fund account, and a general fund account, and that the bond fund shall consist of all moneys received on account of the interest and principal of the bonds issued by said district; that said accounts for interest and principal each be kept separate; that the general fund shall consist of all other moneys received; that the district treasurer shall pay out of said bond fund when due, the interest and principal of the bonds of said district, etc., and shall pay out of said general fund only upon order signed by the president and countersigned by the secretary of said district as herein provided, etc. Section 22 provides that the revenue laws of the state for the assessment, levying and collection of taxes, etc., for county purposes except as herein modified shall be applicable for the purposes of this act, etc.

We agree with plaintiff in error that in the formulation of this act for the operation of irrigation districts, the legislators adhered to the modern policy of keeping municipal or quasi-municipal corporations on a cash basis, or practically so, but we cannot agree that it was not intended that a similar method to that requiring cities and counties to anticipate in each year their expenditures, etc., is impractical or was not intended to apply to these districts, but to the contrary, section 18, *supra*, requires that they anticipate and certify these amounts; but appreciating the uncertainties that might arise from determining these questions in advance, the legislature attempted to meet them by the latter portion of this section in providing that, upon the following year such additional amount might be raised as is necessary to meet any deficiency in the payment of the expenses theretofore incurred. We also agree with plain-

tiff in error that in passing the irrigation district act the legislature may have had in mind the unfortunate experience of various counties under the old county act, and that it sought to adopt the "pay as you go" principle for irrigation districts, and to require them to keep their current indebtedness paid up, and in case they did not do so and at the end of the year it was ascertained that there was a deficiency, that there be added to the levy to be made for the ensuing year sufficient to take care of that deficiency. We cannot agree that it was contemplated that the unpaid warrants drawn against the anticipated revenues of one year were intended to have the preference over those of a subsequent year drawn against the anticipated revenues which were levied to pay the latter. To adopt this construction would be to place the district in the identical and unfortunate condition that the various counties which counsel refer to got into in the early days by following the endless chain system. This district's condition as disclosed by this record is a fair illustration of what might happen if the system contended for was adopted, namely, that all the moneys levied and collected would be used in the payment of the warrants of prior years, and be totally insufficient for that purpose, thereby leaving the district without any funds to meet the current obligations or with which to, in any manner, continue its existence, etc.

We agree with the plaintiff in error that the act contemplates that the levy made for maintenance, etc., for one year shall be sufficient for that purpose; it so states; and that it, with the fifteen per cent required to be added to the total, was intended to insure the payment of sufficient, regardless of delinquencies, to take up all warrants for that year issued against this levy, but upon account of unforseen contingencies, etc., that might arise, which tend to make the amount needed uncertain, the act recognizes that such might not be the case, and in order that those furnishing the dis-

trict this kind of credit might be assured of receiving payment of their warrants, in case sufficient revenue was not received under the levy, made for them, section 18 provides that an additional amount shall be levied the next year to meet any deficiency in the payment of such expenses theretofore incurred.    This additional amount is not for the purpose of paying current warrants, and has nothing to do with it, and the warrants issued in payment of the current expense would be no more entitled to be paid out of this fund than would the previous warrants out of the levy for current expense.    Each is for a specific purpose and should be used for that purpose, and no other, until the purposes for which it was raised have been satisfied.    The general fund account provided for in section 20 of the 1905 act refers to the funds of that year out of which certain things are to be paid.    The act recognizes that a time may come, as here, where there might arise a deficiency in that fund.    It provides a method by which this deficiency is to be paid, but it does not contemplate that the moneys provided for maintenance, etc., for the next year are to be used in the payment of this deficiency, but to the contrary it provides that the board of directors shall certify to an additional amount for this purpose.    When the levy is not sufficient, or what might happen, or could be done, if no such levy was made, when there is such a deficiency, is not before us.·  We have likewise not considered for what indebtedness it is proper to issue warrants under sections 18 and 25, or the conflict, if any, between them, or what might be termed excess indebtedness, or what warrants may or may not be void as being issued in violation of the express prohibition contained in the act; these matters are unnecessary 'to be determined.  for the purposes of this case, we can assume without deciding, that they are all regular.   We then have a suit by mandamus to compel the treasurer to pay warrants of previous years· alleged to have been issued for maintenance, operating and

current expenses for these years out of the funds of the current year, in preference to the current warrants, issued against this fund for the current expenses of the same kind as the former ones were issued for, and we are limiting our decision to this question. Our conclusion is, that when considered as a whole, in the management of these districts, that this act contemplates that in this respect it be by distinct years, just the same as the acts under consideration in *Ostling v. The People*, 57 Colo. 22, 140 Pac. 173. In providing that the district board shall determine the amount, etc., for the ensuing year and certify the same, section 18, in substance, in this respect, is the same as section 6631, Rev. Stats., 1908, of our city and town act which provides that the council or board of trustees shall estimate such sums as may be deemed necessary for the fiscal year. While it is true the irrigation act does not define the fiscal year, section 18 provides that the board shall determine the amount needed for the ensuing year before a certain date, thereby indicating that the district should be managed under the year system. The act also provides that the revenue laws, etc., except as therein modified shall be applicable, which is further evidence that the annual system was intended. The city and town sections concerning the issuance, registration and payment of warrants under consideration in the Leadville case, *supra*, are much more favorable to the plaintiff in error's contention as to certainty of payment in the order of their registration than is the irrigation district act, yet we held that this contention was not tenable under those sections. The city and town act says nothing about the payment of warrants coming within the appropriation which was left unpaid, while here the act provides for a levy by which they are to be taken care of. We cannot concede that other moneys raised for other purposes were intended to be used for this purpose; to so hold would be violative of the rule of construction that when

a method is provided for the doing of a certain thing, it is presumed to be the only one intended unless there is something in the act which indicates to the contrary.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*