[No. 8643.]

ORCHARD MESA FARMS COMPANY V. CANON, COUNTY
TREASURER ET AL.

1.  IRRIGATION DISTRICTS—*Warrants—Tender for Taxes.*  Warrants issued in one year are not to be accepted in payment of taxes levied for a subsequent year.  Warrants unpaid in any year are to be accepted only in payment of the taxes levied to meet the deficiency of that year.  (348.)

2.  ——  *Coupons—A Lawful Tender by Owner of Tax Certificate, for Subsequent Taxes.*  One holding a tax purchase certificate for lands in an irrigation district, is entitled to pay subsequent taxes with interest coupons of the district maturing in the year for which the tax is levied (Rev. Stat., sec. 5725, Laws 1905, c. 113, secs. 21, 22).  (349.)

And a tender of such coupons at any time before sale is in time.  (350.)

*Error to Mesa District Court.*  Hon. THOMAS J. BLACK,
Judge.

Mr. S. M. LOGAN, Mr. S. N. WHEELER, Messrs. HAYT, DAWSON & WRIGHT and Messrs. BURRY, JOHNSTONE & PETERS, for plaintiff in error.

Mr. N. C. MILLER and Messrs. GRIFFITH, WATSON & SMITH, for defendant in error.

Mr. Justice HILL delivered the opinion of the court.

This action was brought by the plaintiff in error to compel the defendant in error, treasurer of Mesa County, as treasurer of The Orchard Mesa Irrigation District, to

accept certain warrants of the district, and some moneys, in payment of certain taxes levied for the district for the year 1914, and to accept certain coupons of the district, and some money, in payment of the taxes levied for the payment of interest of the district for the year 1914. The action was dismissed.

The warrants tendered in payment of the general maintenance, taxes, etc., for the year 1914 were warrants issued and registered during the years 1910 and 1911. The facts pertaining to them and the funds of the different years were under consideration in case No. 8628, *Eberhart v. Canon, County Treasurer, etc.*, decided at this term; for the reason there given, if otherwise valid, the treasurer was justified in refusing to accept them in payment of the taxes for which they were tendered.

The tender of these warrants was altogether and without any division as to the years for which the plaintiff sought to pay the levies of. This fact was sufficient to justify the treasurer in refusing to accept the tender as made. The treasurer's position was that the warrants of any year left unpaid could thereafter only be accepted in payment of the tax levied to meet the deficiency of that year. This appears to be in harmony with the statute when considered as a whole. The plaintiff did not make his tender in this way, but in a lump for the payment of all taxes then past due, except interest upon the bonded indebtedness. We cannot separate them here and say for this reason that the demurrer should have been overruled when the treasurer's position was that the plaintiff could have had a portion of his demand complied with, so far as this phase of the contention is concerned, had it requested it without coupling with it other demands to which it was not entitled.

The alternative writ discloses that the plaintiff made the tender as the holder of a tax certificate for the lands upon which it wishes to pay the subsequent taxes, and re-

quested that the payments be indorsed on the tax certificate. The tender for interest due for 1914 was separate and was made in coupons which matured during that year and which, with certain moneys tendered with them for that purpose, was sufficient to pay the tax levied for this purpose with all penalties at the time of the tender. The treasurer refused this tender for the reasons: First, that the statute only authorizes or requires him to accept interest coupons or warrants from the owner of the land. In this respect the treasurer was in error.

Section 22 of the 1905 Irrigation District Act reads:

"The revenue laws of this State for the assessment, levying and collection of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this act, including the enforcement of penalties and forfeiture for delinquent taxes."

Section 5725, Rev. Stats., 1908, in part reads:

"Any person desiring to pay any subsequent taxes on any lands or town lots for which he holds the tax certificate shall produce such certificates to the treasurer, who shall endorse thereon the amount of such subsequent taxes and the date of payment thereof in the book of tax sales."

Section 21 of the 1905 Irrigation District Act provides that it shall be the duty of the County Treasurer, etc., to collect and receipt for all taxes levied as herein provided in the same manner and at the same time as is required in the receipt for and collection of taxes upon real estate for county purposes. It further provides that he shall receive in payment of the district bond fund taxes, etc., interest coupons or bonds issued by the district, maturing within said year, the same as so much *lawful money of the United States,* if such interest coupons do not exceed the amount of district bond funds which the person tendering the same owes. When these sections are considered together, it is evident that it was intended to give to the holder of a tax

certificate the same rights pertaining to payment and indorsement upon his tax sale certificate of the irrigation district taxes as he has to any other taxes, and the proviso in section 21 that the treasurer shall receive these coupons as so much lawful money of the United States, etc., applies to anyone who has the right to make payment of such taxes, which includes the holder of a previous tax sale certificate.

Second, he claims that the tender of coupons in payment of the interest came too late. The record discloses that at the time it was made the annual sale for non-payment of taxes had been advertised; that it included the land upon which the plaintiff sought to pay the taxes; that the date for commencing the sale had passed, and that it was then going on, but that this land had not yet been reached or offered. The treasurer's position is that unless otherwise provided by statute, all taxes are payable in money; that payments by warrants or interest coupons is·an unusual privilege extended to the taxpayer, and in order to avail himself of it he must come clearly within the statute, and make his payment on or before August 1st, when they become delinquent. *Bammel v. City of Houston*, 68 Tex. 10, 2 S. W. 740, is cited as sustaining this conclusion. *City of New Orleans v. Jackson*, 33 La. Ann. 1038, is cited by the plaintiff as holding directly to the contrary. It is unnecessary to consider the reasoning in either, as our legislature has covered the question in our revenue and irrigation acts. Section 22 of the 1905 irrigation district act makes the revenue laws of the state for the assessment, levying and collection of taxes on real estate, including the enforcement of penalties applicable to irirgation district taxes, etc., except as modified therein. Section 5690, Rev. Stats., 1908, provides that unpaid taxes for the preceding year become delinquent August 1st and thereafter draw interest at fifteen per cent per annum, but it provides further that the treasurer shall continue to receive payment of the same

with interest until the day of the sale. Section 21 of the 1905 irrigation district act provides that the county treasurer shall receive in payment of the district bond fund, etc., interest coupons or bonds issued by said irrigation district, the same as so much lawful money of the United States. It is conceded that under the provisions of the first two sections last above cited, these taxes could have been paid in money at any time before the land was sold at the tax sale. 'Tis true that after the sale the right of payment ceases and the right of redemption only then accrues; but taxes are taxes until the sale extinguishes them. *Lindsay v. Fay,* 28 Wis. 177. It will also be observed that section 5690, *supra,* expressly speaks of delinquent taxes and provides for their payment until the day of sale. Section 21, *supra,* gives the right to make the payment in coupons the same as though they were lawful money of the United States.

The third contention, that the penalties and cost of advertisements, etc., cannot be paid in interest coupons is not before us for determination, for the reason that the amount necessary to pay these items was all tendered in cash. Neither have we considered the questions raised concerning the validity of the 1910 and 1911 warrants for the reason that if in all respects valid, they were properly refused in the manner tendered. The coupons and cash tendered with them, in payment of the interest taxes should have been received for the purposes tendered, for which reason the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*