No. 8858.

POOR *v.* WILSON.

IRRIGATION DISTRICTS—*Taxes*—*Interest Coupons.* The landowner cannot discharge taxes levied to pay interest upon one issue of bonds, with coupons cut from a different issue.

*Error to Otero District Court, Hon. J. E. Rizer, Judge.*

Mr. H. E. POPHAM, Messrs. PERSHING, TITSWORTH & FRY, for plaintiff in error.

Mr. THOMAS K. SKINKER, Mr. CHARLES E. SABIN, for defendant in error.

Chief Justice Hill delivered the opinion of the court.

THE plaintiff in error, as the owner of land in The Otero Irrigation District, instituted this action in mandamus to compel the defendant Wilson, as county treasurer of Otero County, to accept in payment of the tax levied to pay interest on irrigation district bonds, included in the first half of taxes due in 1915, interest coupons clipped from certain bonds of the district; also, to accept a district warrant, and a certain amount of money in payment of the first half of the tax levied for maintenance of said district, payable in the year 1915. The judgment was for the defendant and the action dismissed.

The record discloses, that The Otero Irrigation District has outstanding five different issues of bonds, the first were issued in 1902, the second in 1906, the third in 1909, the fourth in February, 1910, and the fifth in September following; that the coupons tendered by plaintiff were clipped from the fifth issue of bonds, and were due June 1st, 1915; that the plaintiff was the owner of certain lands in the district; that his taxes payable thereon in 1915 were as follows: Interest on the five issues of district bonds, $243.71, principal due on bonds $113.02, for maintenance and operating expenses of the district $123.62, for state, county and school taxes $41.58; that on March 16, 1915, the plain-

tiff tendered to defendant, in payment of the first half of all of said taxes, eight interest coupons for $15.00 each, clipped from the fifth issue of bonds as aforesaid, a warrant of the district payable in 1915 out of the maintenance fund for $60.00 and $80.97 in cash. It is agreed that the coupons, warrant and moneys tendered are sufficient in amount to pay the first half of said taxes, if proper to be used at the time and for the purposes tendered.

The treasurer urges several reasons to justify his actions. It is unnecessary to consider more than one. The tender was as a whole. This action was to compel its acceptance as a whole. It is agreed that the levy for interest was made upon all of the lands in the district, and was in the amount required to pay all the interest, upon all the issues for the year 1915, with fifteen per cent added for delinquencies. When applied to this case, the ruling in *Thomas v. Patterson*, 61 Colo. 547, 159 Pac. 34, makes it the duty of the treasurer to apportion the moneys received for any tract of land in payment of this levy for interest, to the credit of the interest account of each of the five issues of bonds, in proportion that the amount of each bears to the whole. Somewhat similar conclusions pertaining to our Irrigation District Act were reached in *Eberhart v. Canon et al.*, 61 Colo. 340, 57 Pac. 189, and *Orchard Mesa Farm Co. v. Canon et al.*, 61 Colo. 347, 57 Pac. 192. It follows that the plaintiff cannot use coupons clipped from one issue of bonds to pay that portion of his taxes which are levied for the payment of interest upon other issues of bonds, for this reason the treasurer was justified in refusing the tender made.

The judgment is affirmed.

*Affirmed.*

Mr. Justice Bailey and Mr. Justice Allen concur.