No. 10,305.

TEW v. PHILLIPS, TREASURER.

Decided June 4, 1923.

Action in mandamus.  Demurrer sustained.

*Reversed.*

1.  TAXES AND TAXATION—*Sale—Irrigation District Bonds.*  A purchaser at a tax sale, of lands included within an irrigation district, may pay therefor in part with bonds and warrants of the district, under the provisions of section 1998 C. L. 1921.

2.  STATUTES—*Interpretation.*  In the interpretation of statutes, courts are not bound by the letter against the spirit of the law.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. WALTER E. BLISS, for plaintiff in error.

Mr. WILLIAM R. KELLY, for defendant in error.

Mr. GEORGE Q. RICHMOND, Mr. A. L. BETKE, Mr. FRED R. WRIGHT, Amici Curiae.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

TEW bought land at a tax sale.  The taxes for which it was sold included general taxes and irrigation district taxes.  He tendered bonds and interest coupons of the district to pay so much of the purchase price as was represented by a levy to pay bonds and coupons.  He tendered irrigation district warrants covering the district tax for maintenance, and cash for the expenses of sale and for general taxes.  The tender was refused.  He brought mandamus and a demurrer to his petition and to the alternative writ was sustained.  He stood by his petition, the case was thereupon dismissed and he brings it here for review.

The sole question is whether that part of the purchase price at tax sale which covers irrigation district taxes levied to pay bonds and interest may be paid in bonds and coupons.and maintenance tax in warrants.

The general revenue act provides:

"When the treasurer sells any lands or lots for delinquent taxes he shall require the purchase price thereof to be paid in cash." C. L. Sec. 7412, S. L. 1902, Sec. 167, p. 127.

There is no room for construction of this sentence, and we should be constrained to say that there was no escape from its consequences in the present suit were it not for subsequent legislation.

This section is section 167 of the general revenue act of 1902. By section 171 of that act the highest bidder at tax sale of lands is he who offers to "pay therefor the taxes, charges, costs and penalties then due thereon" and to accept the least interest on redemption. C. L. § 7416.

By the irrigation district act of 1905 (C. L. § 1999), the laws for the collection of county taxes are made applicable to irrigation district taxes except as modified therein. The defendant in error asserts that the purchase price of lands sold for irrigation district taxes must therefore be paid in cash. The plaintiff in error, however, points to the words "except as modified herein" and claims that the provision of C. L. section 1998 (S. L. 1905, Ch. 113, § 21), that the county treasurer shall receive coupons and bonds in *payment* of district bond fund taxes modifies the cash rule and requires him to receive such coupons and bonds upon tax sale of land in *payment* of "the taxes * * * due thereon."

We think this reasoning is sound. The highest bidder is not he who will pay the most for the land but he who will *pay the taxes* and accept the least interest. The purchaser, then, *pays* the taxes and it follows that the treasurer must receive bonds and coupons in payment. In the

present case the bonds and coupons are tendered in payment of such taxes and he must receive them.

To avoid this conclusion defendant in error points out that the said section 1998 provides that such bonds and coupons must not exceed the "district bond fund tax which the person tendering the same owes," and argues that the purchaser at tax sale owes no tax and so no tender of bonds or coupons by him should be accepted. This argument involves, we think, a narrow and formal interpretation, beside the mark at which the clause aims. It may be answered with equal formality and literalism that what a man has bid he owes, but, in addition to and more important than that, the evident purpose was to make it clear that the treasurer must not accept and the taxpayer cannot require him to accept a thousand dollar bond in payment of a $500 tax and give change, the consequences of which in the case of a dishonest or ignorant treasurer are obvious. We should not be bound by the letter against the spirit of a statute. *Aggers v. People,* 20 Colo. 348, 38 Pac. 386.

The conclusion we have reached is strengthened by *Orchard Mesa Farms Co. v. Canon, Co. Treas., et al.,* 61 Colo. 347, 157 Pac. 192, where we hold that warrants are lawful tender by a holder of a tax certificate, who may, but need not pay taxes on the land and so does not technically owe them, and is further fortified by the opinion in *Interstate Co. v. Montezuma District,* 66 Colo. 219, 224, 181 Pac. 123. The words there used are capable of another construction but we know that Mr. Justice Bailey intended them to express the conclusion we have now reached. That was then the opinion of this court, and, though the arguments of the defendant in error have made us reconsider most carefully, we adhere to it.

The argument, too, that our previous decisions have been such that the use of bonds for the purpose now questioned is the only remedy left to the holders of this class of bonds, while of no force against the requirement to pay cash, unmodified, yet is not wholly without force in

support of a construction of the statute which modifies that requirement.

Hardship to the taxpayer is urged. We can see none. It will cost him no more to redeem from the sale than if it was for cash. If he does not redeem he will lose no more. The fear that speculators may buy the bonds, buy land with them and so deprive the taxpayer of his property for a song, is idle; they can do nothing more than make him redeem, which would be his lot in any event, and the increased competition would tend to lessen the interest on redemption to his advantage. If bonds are cheap he can buy them, pay his taxes with them and prevent the sale. If the purpose of the privilege to pay in bonds was to strengthen the market for them it will be better served by our construction than by the other. The argument that it gives some bondholders an advantage over others might have some weight but all have an equal chance to bid and every bond so paid for land will be cancelled; thus the ratio which the taxes paid in money will in the end bear to the bonds to be paid therewith will be increased and the bonds strengthened; all the bondholders will gain, therefore, even if possibly some more than others.

Our decision and all that we have said is based on the supposition that bonds, coupons and warrants which shall be tendered shall always be of the class mentioned in the statute. For the purpose of simplicity and clearness we have omitted details.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.

MR. JUSTICE CAMPBELL dissents.